**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16 / 18**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|---|---|---|---|
| Title | In re 450 S. Burlington Partners LLC | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Granting Appellee's Motion to Dismiss**

Pending before the Court is Appellee's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS Appellee's Motion to Dismiss.

I.     <u>Background</u>

450 S. Burlington Partners LLC ("Appellee"), debtor in the underlying Chapter 11 bankruptcy case, owns an undivided fifty-five percent (55%) interest in a 17-unit residential apartment building located at 450 S. Burlington Avenue, Los Angeles, California 90057 (the "Property"). Joseph Kurn ("Appellant") purportedly has an undivided forty-five percent (45%) interest in the property.

Appellee commenced the underlying Chapter 11 bankruptcy case on March 10, 2009. Shortly thereafter, Appellee filed an emergency motion, requesting authorization to use "cash collateral."[1] At the March 31, 2009 hearing on that motion, Appellee argued that access to this

---

[1] "Cash collateral" is defined by the Bankruptcy Code as follows:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title [11 USCS § 552(b)], whether

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16 / 18**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|---|---|---|---|
| Title | In re 450 S. Burlington Partners LLC | | |

cash was critical to maintaining operations of Appellee's sole asset, the Property.  Persuaded by this argument, the Bankruptcy Court, on March 31, 2009, authorized Appellee's use of cash collateral through April 30, 2009, in accordance with a cash collateral budget submitted in conjunction with Appellee's emergency motion, and also permitted supplemental briefing.

Appellee filed its Supplemental Brief in Support of Debtor's Motion for Final Order Authorizing Continued Use of Cash Collateral on April 21, 2009.  One week later, on April 28, 2009, Appellee and Appellant argued Debtor's Motion for Final Order Authorizing Continued Use of Cash Collateral before the Bankruptcy Court.  The Bankruptcy Court orally announced its ruling at that hearing, approving the motion.

Two days after that, on April 30, 2009, the Bankruptcy Court issued its Supplemental Conclusions of Law in Support of Order Authorizing Use of Cash Collateral ("Supplemental Conclusions of Law").  In its Supplemental Conclusions of Law, the Bankruptcy Court noted that Appellant opposed the use of cash collateral on the ground that under *Dabney-Johnston Oil Corp. v. Walden*, 4 Cal. 2d 637 (1935), he was entitled to 45% of the gross rents in the Property.  However, the Bankruptcy Court disagreed with Appellant's interpretation of the relevant case law.  In the Bankruptcy Court's view, *Dabney* stood for the proposition that Appellant's purported entitlement to his fractional interest in the apartment revenue is subject to a charge or deduction for Appellee's operations expenses.  The Bankruptcy Court went on to note that "[u]nder the budget approved by the court, these expenses are projected to use all of the revenue in rents received by the debtor."

In its Supplemental Conclusions of Law, the Bankruptcy Court also made several other observations.  First, it noted that under *Dabney*, there is an exception to the foregoing rule, namely cotenants can contract around the foregoing rule.  However, the Bankruptcy Court found that Appellant failed to establish that the parties contracted around the foregoing rule, thus, this exception did not apply.  The Bankruptcy Court also observed:

---

existing before or after the commencement of a case under this title.

11 U.S.C. § 363.  Section 363 of the Bankruptcy Code, which governs a debtor's use of property of its estate, establishes a special requirement with respect to "cash collateral," by providing that the trustee or debtor in possession may not use, sell, or lease "cash collateral" under 11 U.S.C. § 363(c)(1) unless (i) such entity that has an interest in such collateral consents, or (ii) the court, after notice and a hearing authorizes such sale or lease.  *Id.* at § 363(c)(2).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16 / 18**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|----------|----------------|------|----------------|
| Title | In re 450 S. Burlington Partners LLC | | |

It may be that Kurn is entitled to a 45% share of the net profits from the rents received from the real estate involved in this case. This is not the time in this chapter 11 case for such owners to receive distributions from this bankruptcy estate. Payment to a co-owner of the real estate here at issue must await the generation of net profits.

Insofar as Kurn contends that his status is that of secured creditor, his interest in rents received from the real estate is limited by [11 U.S.C.] § 552, which provides that "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before commencement of the case." While [11 U.S.C.] § 552(e) provides certain exceptions to this rule, Kurn has not shown that he qualifies for any such exception.

Subsequent to issuing its Supplemental Conclusions of Law, the Bankruptcy Court, on May 11, 2009, issued another order, authorizing Appellee to use cash collateral up to and through July 31, 2009, in accordance with the expense items set forth in a budget it had submitted to the court. *Id.* The Bankruptcy Court also set a further hearing on the motion regarding final authorization of the use of cash collateral. *Id.* That hearing was to take place on July 28, 2009. *Id.*

On May 7, 2009, Appellant filed a Motion (1) to Reconsider the Court's 4/28/09 Ruling on Debtor's Motion to Use Cash Collateral, and to Reconsider the Court's "Supplemental Conclusions of Law" Entered 4/30/09 Regarding that Ruling; and (2) to Recuse Itself. The Bankruptcy Court held oral argument for Appellant's motions on June 2, 2009, at which time the Bankruptcy Court denied the motions in their entirety. That oral ruling was reflected in a written ruling, issued exactly one month later, on July 2, 2009.

Immediately following the Bankruptcy Court's June 2, 2009 oral ruling, Appellant filed a Notice of Appeal with this Court pursuant to 28 U.S.C. § 158(a). Appellant appeals each of the following: (1) the Bankruptcy Court's April 28, 2009 oral ruling on Appellant's request to continue use of cash collateral; (2) the Bankruptcy Court's Supplemental Conclusions of Law relating to said motion, issued by the Bankruptcy Court on April 30, 2009; (3) the Bankruptcy Court's written order on said motion, issued on May 11, 2009; and (4) the Bankruptcy Court's June 2, 2009 oral ruling, in which the Bankruptcy Court denied Appellant's motion for reconsideration and motion for recusal. Then, on July 10, 2009, Appellee filed the instant Motion to Dismiss Improper Interlocutory Appeal.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#16 / 18**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|---|---|---|---|
| Title | In re 450 S. Burlington Partners LLC | | |

II.     Discussion

    A.     Appellate Jurisdiction of Bankruptcy Proceedings

In relevant part, 28 U.S.C. § 158(a) provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals[–]

> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title [28 USCS § 157].

28 U.S.C. § 158(a).  District courts must hear appeals from final decisions of the bankruptcy courts.  *See In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003).  By contrast, it is within the discretion of the district court to hear interlocutory appeals.  *Id.*

    To proceed with an appeal under 28 U.S.C. § 158(a)(1) or (a)(2), an appellant must file a notice of appeal with the Clerk within the time allowed by Federal Rule of Bankruptcy Procedure 8002.  *See* Fed. R. Bankr. P. 8001.  In comparison, to proceed with an appeal under 28 U.S.C. § 158(a)(3), an appellant must file a notice of appeal, as prescribed in Federal Rule of Bankruptcy Procedure 8001(a), as well as a motion for leave to appeal prepared in accordance with Federal Rule of Bankruptcy Procedure 8003.  *Id.*  If the appellant fails to file the required motion for leave to appeal, Federal Rule of Bankruptcy Procedure 8003(c) authorizes the Court to treat the notice of appeal as a motion for leave to appeal.  *See* Fed. R. Bankr. P. 8003(c); *see also Official Comm. of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. . . . (In re NSB Film Corp.)*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994).  However, "[l]eave to appeal should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation."  *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16 / 18

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|---|---|---|---|
| Title | In re 450 S. Burlington Partners LLC | | |

B.   <u>Analysis</u>

According to Appellee, there are essentially two alternative reasons why the Court should dismiss this appeal.  First, in violation of 28 U.S.C. § 158(a)(3), Appellant filed this appeal without seeking leave of court.  Second, assuming the Court is willing to excuse this procedural defect, Appellee contends that the Court should nevertheless exercise its discretion to not hear this interlocutory appeal because, in addition to wasting expenses and time for both parties' respective estates, hearing this appeal will not advance the conclusion of litigation nor will it materially advance the ultimate termination of the litigation.  In opposition, Appellant argues that it actually seeks to appeal final orders.  Thus, Appellant contends, this Court must hear its appeal.  In the alternative, Appellant argues that if the Court considers any of the underlying orders to be interlocutory in nature, the Court should treat the notice of appeal as a motion for leave to appeal and allow Appellant to proceed with his appeal.

As the foregoing explication of the parties' respective arguments demonstrates, there are essentially two issues at hand.  First, are the underlying orders final or interlocutory?  Second, if the latter, should the Court exercise its discretion to hear these orders?  Each of these issues is analyzed in turn.

The standard for determining finality in the bankruptcy context is more flexible than in other contexts.  *See Lewis v. Shurtleff, Inc. v. Four Seasons Props.* (*In re Frontier Properties, Inc.*)*,* 979 F.2d 1358, 1363 (9th Cir. 1992).  Indeed, the Ninth Circuit has "adopted a 'pragmatic approach' to finality in bankruptcy . . . [that] emphasizes the need for immediate review, rather than whether the order is technically interlocutory."  *Bonham v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir. 2000) (internal quotation marks omitted).  "[A] bankruptcy court order is considered to be final and thus appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed."  *Id.* (internal quotation marks omitted); *see also Allen v. Old Nat'l Bank of Wash. (In re Allen)*, 896 F.2d 416, 418 (9th Cir. 1990) (per curiam) ("Bankruptcy orders that determine and seriously affect substantial rights can cause irreparable harm if the losing party must wait until bankruptcy court proceedings terminate before appealing.").

Here, it is clear that Appellant's challenge to the Bankruptcy Court's denial of its motion for recusal is interlocutory in nature.  *See Seidel v. Durkin (In re Goodwin)*, 194 B.R. 214, 221 (B.A.P. 9th Cir. 1996) ("An order denying a motion to recuse is interlocutory."); *Moix-McNutt v. Coop* (*In re Moix-McNutt*), 215 B.R. 405, 409 (8th Cir. B.A.P. 1997) (finding an appellant's appeal of a motion for recusal to be an appeal of an interlocutory order).  It is not so clear,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16 / 18

CIVIL MINUTES - GENERAL

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|----------|----------------|------|----------------|
| Title | In re 450 S. Burlington Partners LLC | | |

however, whether in appealing the Interim Cash Collateral Order, the Bankruptcy Court's Supplemental Conclusion of Law, and the order denying his motion for reconsideration, Appellant is appealing final or interlocutory orders.[2]  Nevertheless, as explained in more detail below, the Court believes that, on review, these orders are properly designated interlocutory.

Appellant contends that these orders are final.  In support of this position, he primarily relies on *Wattson Pac. Ventures v. Valley Fed. Sav. & Loan* (*In re Safeguard*), 2 F.3d 967 (9th Cir. 1993).  In that case, the bankruptcy court had issued a declaratory order which held that certain revenues from the bankrupt business did not constitute cash collateral under 11 U.S.C. § 363(a).  *Id.* at 969.  After noting that "the Bankruptcy Code gives significant protection to entities asserting an interest in cash collateral . . . because of the risk arising from the consumption of the collateral in the debtor's rehabilitative efforts," the Ninth Circuit went on to reason that "[g]iven this possibility of irreparable harm, an order granting a debtor use over funds alleged to be cash collateral requires immediate appellate review."  *Id.*  Accordingly, the Ninth Circuit found that this was a final, appealable order.  *Id.*

Although unclear from his opposition, Appellant appears to read *In re Safeguard* to stand for the proposition that *all* orders concerning cash collateral are final orders.  Appellee, on the other hand, argues that this reading is overbroad, and attempts to distinguish *In re Safeguard* from the case at hand.  According to Appellee, the bankruptcy court in *In re Safeguard* made a determination that the secured creditor had no interest in the cash collateral.  However, Appellee argues, here, the Bankruptcy Court made no final determination as to whether Appellant did or did not have an interest in the cash collateral.  According to Appellee, this distinction may be slight, but it is nevertheless significant.  Appellee further contends that in light of this distinction, the Court should follow *In re NSB Film Corp.*, 167 B.R. 176 instead of *In re Safeguard*.  In *In re NSB Film Corp.,* an unsecured creditors' committee objected to a Chapter 11 debtor's motion to use cash collateral pursuant to a stipulation entered into with secured creditors.  *Id.* at 177-79.  The Bankruptcy Panel held that the bankruptcy order was interlocutory because the bankruptcy court and parties specifically reserved determination of the validity, priority, and extent to which the creditors were secured and the defenses the debtor could assert for a later date, and

---

[2] An order denying reconsideration is interlocutory if the underlying order is interlocutory.  *Wilson v. Wells Fargo Bank, N.A. (In re Wilson)*, 402 B.R. 66, 68 (B.A.P. 1st Cir. 2009).  Similarly, an order denying reconsideration is final if the underlying order is final.  *Arrowhead Estates Dev. Co. v. United States Trustee* (*In re Arrowhead Estates Dev. Co.*), 42 F.3d 1306, 1311 (9th Cir. 1994).  Thus, whether Appellant's appeal of the order denying his motion for reconsideration is final or interlocutory is entirely dependent on the Court's characterization of the other underlying orders.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16 / 18**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|---|---|---|---|
| Title | In re 450 S. Burlington Partners LLC | | |

conditioned the order on a future determination of whether the creditors were entitled to replacement liens or administrative expenses. *Id.* at 180. Read properly, Appellee argues, *In re NSB Film Corp.* stands for the proposition that conditional orders approving the use of cash collateral are not appealable as final orders. *Id.* at 180.

The Court agrees with Appellee that *NSB Film Corp.* is more on point than *In re Safeguard*. In *In re Safeguard*, the bankruptcy court issued a ruling that had significant consequences that, if allowed to stand, would have been felt throughout the remainder of the bankruptcy proceedings. Here, by contrast, the Bankruptcy Court's rulings are only in place for a finite amount of time. Moreover, the open-ended "findings" made in the Bankruptcy Court's Supplemental Conclusions of Law appear to be an indication that the Bankruptcy Court is amenable to future review and revision of these issues after the appealed rulings expire. Courts have found bankruptcy rulings to be interlocutory where they are "open to reexamination" and open to subsequent challenge. *The Charter Co. v. The Prudential Ins. Co. of Amer.* (*In re Charter Co.*), 778 F.2d 617, 621 (11th Cir. 1985) (bankruptcy court ruling interlocutory where the court advised the parties that its ruling would be open to reexamination). Here, the Bankruptcy Court's rulings do not finally adjudicate Appellant's interest in the cash collateral, and they also preserve his ability to seek additional adequate protection for the use of the cash collateral. In summary, because the cash collateral rulings are interim in nature and structured to permit further reexamination by the Bankruptcy Court, the rulings are not final.

Having determined that the underlying orders are not final orders, the Court must next determine whether it should exercise its discretion to hear the interlocutory appeal. Federal Rule of Bankruptcy Procedure 8001(a) provides that parties who wish to challenge an interlocutory order under 28 U.S.C. § 158(a)(3) must seek leave from the court by filing a motion for leave to appeal.[3] "This is the ordinary and expected procedure." *Moix-McNutt*, 215 B.R. at 408. Courts have authority to construe notices of appeal as motions for leave to appeal. Indeed, the Federal Rules of Bankruptcy Procedure expressly permit this. *See* Fed. R. Bankr. P.

---

[3] Specifically, the Federal Rules of Bankruptcy Procedure provide:

An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

Fed. R. Bankr. P. 8001(b).

2354314bf7a138c2

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16 / 18**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4097 PSG | Date | August 5, 2009 |
|---|---|---|---|
| Title | In re 450 S. Burlington Partners LLC | | |

8003(c) ("If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed."). While the Federal Rules of Bankruptcy Procedure do not provide guidance as to how courts should exercise this discretion, courts dealing with interlocutory appeals often emphasize that these appeals "are generally disfavored and should only be granted 'where extraordinary circumstances exist which override the general policy against piecemeal litigation, or where ultimate determination of the entire litigation would be advanced.'" *Carey v. Johnson Chua*, 1996 U.S. Dist. LEXIS 18673, at * 2 (N.D. Cal. Dec. 3, 1996) (quoting *Matter of Zech*, 185 Bankr. 334, 337 (D. Neb. 1995)); *see also Moix-McNutt*, 215 B.R. at 408 (finding that exceptional circumstances warranted treating appellee's notice of appeal as a motion for leave to appeal).

In this case, Appellant has not provided a sufficient explanation for why he did not comply with the "ordinary and expected procedure." Moreover, he has not persuaded the Court that extraordinary circumstances are present to warrant proceeding with this appeal. Rather, it appears that allowing these appeals to proceed will result in wasted litigation and expense and will not materially advance the ultimate termination of the litigation. *See NSB Film Corp.*, 167 B.R. at 180. For these reasons, the Court declines to treat Appellant's notice of appeal as a motion for leave to appeal. Therefore, as Appellant has failed to comply with both 28 U.S.C. § 158(a)(3) and the Federal Rules of Bankruptcy Procedure, the Court declines to exercise discretion over its interlocutory appeal.

III.    <u>Conclusion</u>

Based on the foregoing reasons, the Court GRANTS Appellee's Motion to Dismiss.

**IT IS SO ORDERED.**